UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JENNIFER FAVREAU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00415-LEW |
| | ) | |
| LOWE'S HOME CENTERS, LLC, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTION TO DISMISS**

In this employment-law case, Defendant Lowe's Home Centers, LLC, has filed a second Motion to Dismiss (ECF No. 27). Plaintiff Jennifer Favreau, a former manager at Defendant Lowe's Home Centers' Portland, Maine, store, alleges that Lowe's subjected her to unequal pay on the basis of her sex, discriminated against her based on her sex, and retaliated against her for opposing an unlawful practice. When ruling on Lowe's first Motion to Dismiss, I dismissed Count I (the Equal Pay Act of 1963) and Count II (the Maine Equal Pay Act) without prejudice. *See* Order on Mot. to Dismiss (ECF No. 15) at 3–5, 8. I explained that Favreau had not stated plausible claims because her "allegation of unequal pay [was] based on her subjective belief or apprehension," rather than on "any circumstances known to her that tend to shed light on the compensation packages received by other store managers." *Id.* at 4. Favreau's Complaint did "not give rise to an inference of unequal pay" and did not "support an inference that store manager contracts include a severance package such that a negative inference might be drawn against Lowe's based on

its failure to pay severance." *Id.* at 5. Instead of dismissing Favreau's claims with prejudice, I exercised my discretion to dismiss the claims without prejudice, permitting "some limited discovery." *Id.* (citing *Menard v. CSX Transp., Inc.*, 698 F.3d 40, 45 (1st Cir. 2012) ("Where modest discovery may provide the missing link, the district court has discretion to allow limited discovery and, if justified, a final amendment of the complaint.")). Thus, Favreau could conduct some "limited discovery and/or amen[d] her" Complaint. *Id.*

In its second Motion to Dismiss, Lowe's asks that Counts I and II now be dismissed with prejudice. Mot. at 1. Lowe's observes that this Court's Scheduling Order (ECF No. 18) set a January 2, 2024, deadline to amend pleadings. To date, Favreau has not amended her Complaint to state plausible claims as to Counts I and II. Furthermore, Favreau did not object to Lowe's second Motion to Dismiss, so she is "deemed to have waived objection." D. Me. L.R. 7(b).

Accordingly, Lowe's second Motion to Dismiss (ECF No. 27) is GRANTED. Counts I and II are DISMISSED WITH PREJUDICE.

SO ORDERED.

Dated this 8th day of July, 2024.

/s/ Lance E. Walker
Chief U.S. District Judge